UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TIMOTHY COLLINGS,<br><br>  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 3:23-cv-01076-JES (AHG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |
|---|---|

   Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2. Upon review, the Court finds the application insufficient to determine whether Plaintiff has properly shown an inability to pay the $402 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a), and will accordingly deny the motion without prejudice to refiling.

   A plaintiff in this Court seeking to proceed IFP must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Among other requirements, the affidavit must contain "[a] statement as to current employment including the amount of wages or salary per month and the name and address of the current employer[,]" or, if the applicant is not currently employed, the affidavit must provide "[a] statement [] as to the date of last employment

and the amount of wages or salary per month which was received." CivLR 3.2(a)(1)-(2). The affidavit must also include "[a] statement as to any cash in possession and as to any money in a financial institution, including checking, savings, and any other accounts." CivLR 3.2(a)(4). If there are persons who depend upon the declarant for support, the statement "must include the relationship of the dependents and the amount contributed toward their support." CivLR 3.2(a)(6). Additionally, Form AO 239, which is this Court's form Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), states clearly in the "Instructions" section that the applicant must "[c]omplete all questions in this application and then sign it. **Do not leave any blanks**: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response." *See* ECF No. 2 at 1 (emphasis added).

Here, although Plaintiff provided some information about his monthly income and expenses on the IFP application, he left the majority of questions on the application blank. *See generally* ECF No. 2. For example, Plaintiff does not indicate whether he has a spouse and whether any such spouse has any sources of income or employment history, whether Plaintiff is currently employed or, if not employed, when he was last employed and the amount of wages or salary per month received when last employed, whether he and/or his spouse have any bank accounts at any financial institutions,[1] or the amount contributed to support his two adult sons, whom he lists as dependents on the application. *Id.*

"When a claim of poverty is made under section 1915[,] 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some

---

[1] Plaintiff did provide the answer "$0.00" in response to the question, "How much cash do you and your spouse have?" ECF No. 2 at 2. However, he left all entries regarding financial institutions, types of account, and account balances blank. *Id.* If Plaintiff and/or his spouse have no bank accounts, Plaintiff should state "not applicable" or "N/A" in the blanks provided, rather than leaving them blank. If, on the other hand, Plaintiff and/or his spouse have bank accounts with zero or negative account balances, he should provide the name of the relevant financial institution(s), type of account(s), and the zero or negative balances in the blanks provided.

particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Here, the Court finds that Plaintiff's affidavit provided in support of the Motion to Proceed IFP does not state the facts with sufficient particularity and definiteness to allow the Court to verify Plaintiff's indigence.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2). To proceed with this action, no later than **July 26, 2023**, Plaintiff must either pay the filing fee, or he must re-file the Motion to Proceed IFP without leaving any blanks and with complete information in compliance with Civil Local Rule 3.2(a).

**IT IS SO ORDERED.**

Dated: July 11, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge